UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ESTEFANA BERMUDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-127 |
| | § | |
| WAL-MART STORES TEXAS, LLC; aka | § | |
| WALMART SUPERCENTER #470, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day came on to be considered Plaintiff's First Amended Motion to Remand. (D.E. 7.)   For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1 of Nueces County, Texas, where it was originally filed and assigned Cause No. 09-61376-1.

**I.     Factual and Procedural Background**

Plaintiff Estefana Bermudez filed her Original Petition in state court on July 24, 2009 and served Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart") with process on August 10, 2009. (D.E. 1, Exhs. A, B.)   Plaintiff alleges that on July 31, 2007 she was walking through Defendant's store and fell because of Defendant's negligence, sustaining injuries that required surgery.  (D.E. 1, Exh. A, p. 2.)  Plaintiff's Original Petition does not state a specific damage amount but claims damages for "serious mental and physical injuries, all of which are expected to continue well into the future if not for the remainder of her life." (D.E. 1, Exh. A, p. 2.)  On April 6, 2010, Plaintiff filed her First Amended Original Petition which specifies that Plaintiff is seeking $150,000 in damages.  (D.E. 1, Exh. L.)  Defendant removed this case to this Court on May 6, 2010, almost nine months after it was initially served with the Original Petition.  (D.E.

1.)  On May 21, 2010, Plaintiff timely filed its First Amended Motion to Remand arguing that Defendant's removal is untimely and that this case should be remanded pursuant to 28 U.S.C. § 1447(c).[1]  (D.E. 7.)

## II.  Discussion

### A.     Removal Generally

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001); <u>see also</u> <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).   In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  <u>Manguno</u>, 276 F.3d at 723; <u>see also</u> <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

It is well-settled that the removing party bears the burden of showing that the removal was proper.  <u>See</u> <u>Frank v. Bear Stearns & Co.</u>, 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  <u>See</u> <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995).  Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship;

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . ." 28 U.S.C. § 1447.  This case was removed on May 6, 2010.  (D.E. 1.)  Plaintiff timely filed a Motion to Remand on May 20, 2010 and an Amended Motion to Remand on May 21, 2010.  (D.E. 6; D.E. 7.)

and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

### B.    Timing of Removal

"The notice of removal of a civil action or proceeding shall be filed within *thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  "[T]he requirement for timely filing a petition for removal is mandatory."  Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996) (citing Courtney, II v. Benedetto, 627 F. Supp. 523, 527 (M.D. La. 1986)).  If a case is not initially removable based on the original complaint, removal may become proper at a later date based upon the "other paper" clause in 28 U.S.C. § 1446(b).  See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant… of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

### C.    Removal was Untimely

Defendant was served with Plaintiff's Original Petition on August 10, 2009.  (D.E. 1, Exh. B.)  Pursuant to 28 U.S.C. § 1446(b), Defendant had thirty days from the date of service to remove the case.  See Board of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp., 478 F.3d 274, 278 (5th Cir. 2007) (holding that the Section 1446(b) thirty day time period for removal "commences on formal service of process").  The deadline for Defendant to remove the case therefore fell on September 9, 2009.  Defendant did not remove this case to federal court until May 6, 2010, nearly nine months after it was initially served.  (D.E. 1, Ex. A ¶ 2.)  Because

Defendant's notice of removal was not filed within the prescribed thirty day period, it is untimely and must be remanded back to state court.  28 U.S.C. §1446(b); 28 U.S.C. §1447(c).

>    **1.    It is Facially Apparent from Plaintiff's Original Petition that the Amount in Controversy Requirement was Met.**

Defendant asserts that it was not apparent from the face of the Original Petition that the amount in controversy exceeded $75,000.  (D.E. 1; D.E. 10.)  Defendant claims that it first learned that the amount in controversy exceeded $75,000 on April 6, 2010 when Plaintiff filed her First Amended Original Petition seeking $150,000.  (D.E. 1, p. 2; D.E. 1, Exh. L; D.E. 10.)  Defendant argues that pursuant to 28 U.S.C. § 1446(b), removal was timely because Plaintiff removed the action within 30 days after Plaintiff filed her First Amended Complaint.  (D.E. 1; D.E. 10.)  As set forth below, this argument is unpersuasive.

The Fifth Circuit has held that the thirty day time limit in 28 U.S.C. § 1446(b), with respect to an initial pleading, is triggered "when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002); see also Chapman v. Powermatic, 969 F.2d 160, 163 (5th Cir. 1992).  In this case, Plaintiff's Original Petition shows that Plaintiff required surgery from her injuries and she expects expenses for her mental and physical injuries will "continue well into the future if not for the remainder of her life." (D.E. 1, Exh. A, p. 2.)  Plaintiff stated that the damages "are far in excess of the [state court's] minimum jurisdictional limit" of more than $50,000.[2]  (D.E. 1, Exh. A, p. 2.)  Furthermore, Plaintiff's Original Petition seeks damages for "physical impairment, disfigurement, pain and suffering, mental anguish, loss wages, and loss of wage-earning capacity."  (D.E. 1, Exh. A, p. 2.)

---

[2] Plaintiff's Original Petition was filed in state court as a Level 2 suit.  (D.E. 1, Exh. A, p. 1.)  The minimum jurisdictional limit for a Level 2 suit is more than $50,000.  See TEXAS RULE OF CIVIL PROCEDURE 190.3.

Where a plaintiff's petition contains allegations such as these, the Fifth Circuit has found that it is "facially apparent" that damages exceed $75,000.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000) (finding $75,000 amount in controversy requirement "facially apparent" from original petition that "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999).  Because the Fifth Circuit has found that it is "facially apparent" that damages exceed $75,000 in cases with claims nearly identical to Plaintiff's, this Court finds that the Original Petition affirmatively reveals on its face that the amount in controversy is greater than the jurisdictional requirement.  See Chapman, 969 F.2d at 163.  Thus, the Defendant failed to timely remove this action by September 9, 2009 and this case must be remanded back to state court pursuant to 28 U.S.C. §1446(c).

## 2. It was "Unequivocally Clear and Certain" that the Amount in Controversy Had Been Met When Defendant Received Plaintiff's Medical Bills and Interrogatory Responses.

Even if it was not reasonably apparent from the face of Plaintiff's Original Petition alone that the amount in controversy exceeded $75,000, exclusive of interests and costs, this action became removable when the Defendant received notice from "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is" removable.  28 U.S.C. § 1446(b) (emphasis added); see Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002).  Defendant's obligation to file its removal papers within 30 days is triggered when the "other paper" is "unequivocally clear and certain" that the amount in controversy requirement has been met.  See Bosky, 288 F.3d at 211 (finding that a "other paper" which shows the amount

in controversy exceeds $75,000 which is "unequivocally clear and certain" will "start the time limit running for a notice of removal under the second paragraph of section 1446(b)").

On December 17, 2009, Plaintiff sent Defendant her response to the interrogatories and faxed Defendant her medical bills.  These documents satisfy the other paper requirement of 28 U.S.C. § 1446(b).  See Chapman, 969 F.2d at 164 ("Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper.'"); Ford v. Shoney's Restaurants, Inc., 900 F. Supp. 57, 59 (E.D. Tex. 1995) (finding plaintiff's medical bills qualify as "other paper").  When these documents are read with the Original Petition, it became "unequivocally clear and certain" that the amount in controversy requirement was met.  Defendant's medical expenses as of December 17, 2009 totaled $39,759.21.  (D.E. 7, Exh. B.) Plaintiff's interrogatory responses cautioned that "[t]here are likely to be more bills in the future."  (D.E. 7, Exh. A.)  Plaintiff informed Defendant that she will seek compensation for lost wages, totaling $20,000.  (D.E. 7, Exh. B.)  Thus, by December 17, 2009, Defendant was on notice that damages from medical bills and lost wages alone totaled almost $60,000.  (D.E. 7, Exh. B.)  Additionally, Defendant knew from Plaintiff's Original Petition that damages were also sought for physical impairment, disfigurement, pain and suffering, mental anguish, and loss of wage-earning capacity which were not included in the $60,000 damages for medical bills and lost wages.  (D.E. 1, Exh. A, p. 2.)  Plaintiff argues these additional damages would amount to at least $30,000 in damages, making total damages around $90,000, exclusive of attorneys' fees, interests and costs.  (D.E. 7, p. 3.) Thus, on December 17, 2009, it became "unequivocally clear and certain" that the amount in controversy requirement was met.  Bosky, 288 F.3d at 210.

After the Defendant received the fax that showed damages exceeded the amount in controversy requirement, Defendant was required to remove this case by January 18, 2010.[3]  <u>See</u> 28 U.S.C. § 1446(b).  Because Defendant did not remove this case until May 6, 2010, Defendant's notice of removal is untimely and must be remanded back to state court.  <u>See</u> 28 U.S.C. §1446(b); 28 U.S.C. 1447(c).

## III.  Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiff's First Amended Motion to Remand (D.E. 7), and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1 of Nueces County, Texas, where it was originally filed and assigned Cause No. 09-61376-1.

SIGNED and ORDERED this 16th day of July, 2010.

Janis Graham Jack
United States District Judge

---

[3] Thirty days after December 17, 2009 falls on January 16, 2010. January 16, 2010 is a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a), if a deadline falls on a Saturday, Sunday, legal holiday, or a day when the clerk's office is inaccessible, the time period is extended "until the end of the next day which is not one of the aforementioned days." FED. R. CIV. P. 6(a). Federal Rule of Civil Procedure 6(a) applies to "any applicable statute," and numerous courts have applied Rule 6(a) to determine the proper deadline for removal under 28 U.S.C. § 1446(a). <u>See, e.g.,</u> <u>Wells v. Gateways Hosp. & Mental Health Ctr.,</u> 76 F.3d 390 (9th Cir. 1996) (using Rule 6(a) to extend removal filing deadline from thirtieth day, which landed on a Sunday, to the following Monday); <u>Medina v. Wal-Mart Stores,</u> <u>Inc.,</u> 945 F. Supp. 519, 520 (W.D.N.Y. 1996) (thirtieth day after service fell on a Saturday, so the last day defendant could file a notice of removal became the following Monday). Accordingly, the deadline to remove this case fell on Monday, January 18, 2010.